## E. P. LIPSCOMB & CO. v. ORDONEZ et al.   (No. 7425.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 4, 1925. Rehearing Denied Nov. 18, 1925.)

1. Partnership ⚖⚬64—Noncompliance with assumed name law held to preclude firm from maintaining trespass to try title.

Where a certificate of firm setting forth names of parties by which business was carried on in assumed name did not disclose that one of the members was a married woman, and that she was examined separately and apart from her husband in the matter of signing and acknowledging the certificate required by Acts 37th Leg. (1921) c. 73, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 5950½), failure to comply with such statute precluded firm from bringing action of trespass to try title to land purchased by it.

2. Contracts ⚖⚬138(1)—Illegal contracts not enforced.

Courts will not enforce illegal contracts, especially when in violation of plain statutory requirement.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by E. P. Lipscomb & Co. against Mrs. Petra G. Ordonez and another. From

an adverse judgment, plaintiff appeals. Affirmed.

Bruce W. Teagarden and E. P. Lipscomb, both of San Antonio, for appellant.

Dwyer & Russell and G. Woodson Morris, all of San Antonio, for appellee.

COBBS, J. This suit was filed by appellant to recover of appellees the land described in the petition. The case was tried before the court without a jury, and judgment was rendered for appellees.

Appellant was a firm doing business under the firm name and style of E. P. Lipscomb & Co., the company being Mrs. H. D. Archer, the wife of Osceola Archer, the then district clerk of Bexar county. E. P. Lipscomb & Co. was a firm organized and engaged in the business of buying land in Bexar county, at public sale, under judgments foreclosing tax liens. At one of such sales the firm purchased the land in controversy and took a tax title, and brought this suit in trespass to try title to recover the land from appellees, who were the original owners. At the time of the sale and purchase appellant had not filed in the office of the clerk of Bexar county a certificate setting forth the names of the parties by which the business was carried on, giving the true or real full name of Mrs. H. D. Archer, the other person comprising the company engaged in the business with E. P. Lipscomb, as his partner, in compliance with the assumed name law of Texas. This suit was begun on the 29th day of February, 1924. The appellant attempted to file the certificate on December 3, 1923. It was signed and acknowledged by a single acknowledgment of each party, and did not disclose that Mrs. Archer was a married woman, and that she was examined separate and apart from her husband, etc. The acknowledgment, so far as Mr. Lipscomb is concerned, is in compliance with the law, but, as the law requires each party conducting the business to sign and acknowledge the same, "in the manner now provided for acknowledgment of conveyance of real estate," we are not permitted to lightly pass that over. Mrs. Archer's acknowledgment was not in compliance with the law in respect to the conveyance of real estate by a married woman. The law is very direct and specific in its requirements. It is a good law, and we are not disposed to limit or weaken in the least its salutary provisions. Acts 1921, 37th Leg. c. 73, §1 (Vernon's Ann. Civ. St. Supp. 1922, art. 5950½).

[1, 2] The fact that the suit is one in trespass to try title to land cannot change the law and relieve the parties from compliance with the assumed name law. The requirement is one within the legislative power, and is made a statutory provision, to be complied with as a condition precedent to doing business in Texas, and without which compliance the doors of the courts of Texas are closed to this or like suits.

The public has a peculiar interest in the observance of this law. It is good for the public in dealing with such concerns to have an easily accessible place fixed by law to discover the silent company or partner. The reasons are so suggestive and numerous as really to invite a lengthy opinion, but on account of our habit of saying as little as possible to decide clearly the real question of law involved we refrain from doing so. Courts will not enforce illegal contracts, especially when in violation of a plain statutory requirement.

Both parties have well presented their sides, and in their briefs have cited many authorities in support thereof, but we find ourselves agreeing with the clear findings of fact and conclusions of law of the trial judge, and affirm his judgment.